NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILFRED ROBINSON, | : | Civil No. 06-5093 (FSH) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| KATHRYN MACFARLAND, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    WILFRED ROBINSON, #689459B
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302
    Petitioner pro se

    LUCILLE M. ROSANO, SPECIAL DEPUTY ATTORNEY GENERAL
    PAULA T. DOW, ESSEX COUNTY PROSECUTOR
    Essex County Veterans Courthouse
    Newark, New Jersey  07102
    Attorneys for Respondents

**HOCHBERG**, District Judge

    Wilfred Robinson filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging convictions in the Superior Court of New Jersey in accordance with a global plea agreement.  Petitioner also filed a Brief.  Respondents filed an Answer, arguing that the Petition should be dismissed as time barred and on the merits, and Petitioner filed a Reply to the Answer.  For the reasons expressed below, the Court will dismiss the Petition with prejudice as untimely, and deny a certificate of appealability.

# I.  BACKGROUND

Petitioner challenges judgments of conviction filed on October 22, 1999, in the Superior Court of New Jersey, Law Division, Essex County, based on Petitioner's guilty plea on August 18, 1999, to seven out of 11 indictments and one accusation.  In accordance with a global plea agreement, the prosecutor agreed to dismiss four indictments and recommend an aggregate sentence of 40 years.  On October 22, 1999, the Superior Court Judge Paul J. Vichness, Law Division, sentenced Petitioner to an aggregate term of 25 years, with a parole ineligibility term of 85% pursuant to New Jersey's No Early Release Act, N.J. Stat. Ann. § 2C:43-7.2.  Petitioner appealed the sentence only, which the Appellate Division of the Superior Court of New Jersey affirmed by order dated June 14, 2000.  See State v. Robinson, Docket No. A-1828-03T4 slip op., p. 2 (N.J. Super., App. Div., April 13, 2006).  On January 24, 2001, the Supreme Court of New Jersey denied certification.  See State v. Robinson, 167 N.J. 89 (2001) (table).

According to the Appellate Division, Petitioner filed a petition for post-conviction relief in the Law Division of the Superior Court of New Jersey, Essex County, in September 2003.[1] See State v. Robinson, Docket No. A-1828-03T4 slip op., p. 2 (N.J. Super., App. Div., April 13, 2006).  Without conducting an evidentiary hearing, Judge Vichness denied post-conviction relief by order filed September 17, 2003.  On October 24, 2003, Petitioner filed a motion to vacate the plea, which Judge Vichness denied by order filed March 2, 2004.  Petitioner appealed both orders.  On April 13, 2006, the Appellate Division of the Superior Court of New Jersey affirmed.

---

[1] This Court notes that the state court record filed by Respondents includes a document entitled "PRO SE BRIEF IN SUPPORT OF PETITION FOR POST-CONVICTION RELIEF," which was signed by Petitioner on July 15, 2002.

Id.  On June 23, 2006, the New Jersey Supreme Court denied certification.  See State v. Robinson, 187 N.J. 492 (2006) (table).

Petitioner executed the Petition which is now before this Court on September 28, 2006.  The Clerk received it on October 23, 2006.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  In response, Petitioner filed his pro se Brief in Support of the Petition, dated January 4, 2007.  The Petition, as amended by the Brief, presents the following grounds:

> Point One:  THE COURT THAT ACCEPTED THE PETITIONER'S PLEA ERRED IN HOLDING THAT THE PETITIONER FAILED TO ESTABLISH THAT HE HAD RECEIVED INEFFECTIVE ASSISTANCE OF PLEA COUNSEL AND AN EVIDENTIARY HEARING SHOULD HAVE BEEN GRANTED.
>
> A.  THE PETITIONER WAS DEPRIVED OF THE ASSISTANCE OF PLEA NEGOTIATION COUNSEL AND APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
>
> B.  APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT SUBMITTING DOCUMENTATION THAT CO-DEFENDANT MCKELVIN DID NOT TESTIFY AT THE WADE HEARING AS STATED BY THE PROSECUTION IN THE STATE'S REPLY BRIEF.
>
> Point Two:  NEW JERSEY'S ORDINARY SENTENCING SCHEME IS UNCONSTITUTIONAL BECAUSE IT PERMITS AGGRAVATING FACTORS NOT ADMITTED BY THE PETITIONER IN HIS GUILTY PLEA TO BE FOUND BY JUDGE BY A PREPONDERANCE OF THE EVIDENCE.
>
> Point Three:  PETITIONER'S SENTENCE IMPOSED UNDER PRE-AMENDMENT NO EARLY RELEASE ACT (NERA)

STATUTES IS IN VIOLATION OF THE NEW JERSEY CONSTITUTION.

Point Four:  NEW JERSEY'S SENTENCING STATUTES ARE UNCONSTITUTIONAL BECAUSE THEY ASSIGN TO JUDGES THE TASK OF FINDING AGGRAVATING FACTORS UNDER THE PREPONDERANCE-OF-THE-EVIDENCE STANDARD IN TO IMPOSE A SENTENCE HIGHER THAN THAT AUTHORIZED SOLELY BY THE JURY'S VERDICT.

Point Five:  THE PROCEDURE USED BY THE TRIAL COURT TO DETERMINE IF THE NO EARLY RELEASE ACT APPLIED DID NOT SATISFY THE JOHNSON STANDARD.

Point Six:  THE JUDGE ERRED IN HOLDING THAT THE PETITIONER'S PAROLE INELIGIBILITY PURSUANT TO THE NO EARLY RELEASE ACT WAS LEGALLY IMPOSED.

Point Seven:  THE COURT SHOULD DIRECT THAT THE TERM ON THE CARJACKING BE REDUCED FROM 25 YEARS TO THE PRESUMPTIVE OF 15 YEARS.

Point Eight:  PETITIONER DID NOT ENTER INTO THE PLEA WITH AN UNDERSTANDING OF "SERIOUS BODILY INJURY" WHICH IS AN ESSENTIAL ELEMENT OF THE OFFENSE AND DID NOT PROVIDE A FACTUAL BASIS TO SHOW AND SUPPORT SUCH A FINDING.

Point Nine:  PETITIONER IS ENTITLED TO WITHDRAW HIS PLEA OF GUILTY SINCE HIS PLEA NEGOTIATION DID NOT CONSIST OF THE FIVE YEAR PAROLE SUPERVISION ND THE JUDGE NOR HIS COUNSEL FULLY INFORMED HIM ABOUT THE PAROLE CONSEQUENCES OF HIS "NO EARLY RELEASE ACT" SENTENCE.

Point Ten:  THE SENTENCING COURT CLEARLY DISPLAYED BIAS WHEN IT ALLOWED HE CO-DEFENDANT MCKELVIN GO BE SENTENCED TO FIFTEEN YEARS UNDER THE NERA AND SENTENCE PETITIONER TO TWENTY-FIVE YEARS UNDER THE NERA WHEN NO DIRECT EVIDENCE EXISTED WHICH CREATED A DISPARITY OF SENTENCE ISSUE BETWEEN THE TWO.

(Brief in Support of Pet., Table of Contents.)

Respondents filed an Answer seeking dismissal of the Petition as time barred and on the merits, and Petitioner filed a Reply.

## II.  DISCUSSION

A.  Statute of Limitations

Respondents argue that the Petition should be dismissed as untimely "because it was filed four and one-half years too late."  (Answer, Affirmative Defenses, p. 35.)  In his Reply, Petitioner argues that he "is not barred and should not be barred from filing his Petition for Writ of Habeas Corpus."  (Reply, p. 5.)

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

> diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, __ U.S. __, 127 S. Ct. 1079, 1083 (2007).

6

The AEDPA statute of limitations is also subject to equitable tolling. See Miller, 145 F.3d at 618. "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence, 127 S. Ct. at 1085 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The United States Court of Appeals for the Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Nor is attorney error. See Lawrence v. Florida, _ U.S. _ 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").[2]

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones,

---

[2] See also Johnson v. United States, 544 U.S. 295, 311 (2005) ("But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Petitioner's conviction became final on April 25, 2001, after the Supreme Court of New Jersey denied certification on direct review on January 24, 2001, and the time to file a petition for certiorari in the United States Supreme Court expired. See Lawrence, __ U.S. at __, 127 S. Ct. at 1083-84; Merritt, 326 F.3d at 161; Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The limitations period began the next day, April 26, 2001. Absent equitable tolling, it ran for 365 days and expired on April 26, 2002. Statutory tolling is not applicable because the statute of limitations expired before Petitioner filed his first petition for post-conviction relief on either July 15, 2002 (at the earliest) or September 2003 (at the latest).[3] See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post conviction review petition had no effect on tolling because the limitations period had already expired when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). Petitioner does not argue that he is entitled to equitable tolling, and this Court discerns no extraordinary circumstances that would warrant equitable tolling. Accordingly, the Petition is time barred.

To summarize, because the statute of limitations expired on April 26, 2002, long before Petitioner filed his state petition for post-conviction relief (and this § 2254 Petition), and

---

[3] The Appellate Division decision affirming the denial of post-conviction relief states that the petition for post-conviction relief was filed in September 2003. However, the state court record filed by Respondents includes a document entitled "PRO SE BRIEF IN SUPPORT OF PETITION FOR POST-CONVICTION RELIEF," which was signed by Petitioner on July 15, 2002. It is not necessary for this Court to determine the date of filing because the § 2254 Petition is untimely in either scenario.

Petitioner is not entitled to equitable tolling, his Petition is barred by the statute of limitations. This Court will dismisses the Petition with prejudice as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice as untimely and denies a certificate of appealability.


   /s/ Faith S. Hochberg
**UNITED STATES DISTRICT JUDGE**


DATED:  November 28, 2007